IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL L. DuMONDE,         *
#21609-001
    Plaintiff,                  *

    v.                        *        2:08-CV-284-WKW
                                                            (WO)
FEDERAL BUREAU OF PRISONS    *
*et al.*,
                                       *

    Defendants.

_____

**ORDER ON MOTION**

Plaintiff filed this action on April 15, 2008 while incarcerated at the Federal Prison Camp located in Montgomery, Alabama. On April 16, 2008 the court granted Plaintiff fourteen days to either submit the $350.00 filing fee or the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis*. (*See Doc. No. 3*.) Plaintiff failed to comply with the court's April 16 order within the time allowed. Accordingly, on May 6, 2008 the undersigned recommended that the complaint be dismissed without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of the court. (*See Doc. No. 4*.)

On May 13, 2008 Plaintiff, who is now incarcerated at a county jail located in

Bowling Green, Kentucky,[1] filed a motion for extension of time to submit the $350.00 filing fee. He does not request that he be granted additional time to submit an affidavit in support of a motion for leave to proceed *in forma pauperis*. This is likely due to the fact that Plaintiff is aware, as is the court which takes judicial notice of its own records, that he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).[2]

The Prison Litigation Reform Act ("PLRA") contains a "three-strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "After the third meritless suit, the prisoner must pay the full filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002) (quotations omitted) (emphasis added). "The purpose of the PLRA is to curtail abusive

---

[1] According to the docket in this matter, Plaintiff escaped from the custody of the Federal Bureau of Prisons at some point after filing the instant complaint.

[2] Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Dumonde v. Campbell, et al.,* Civil Action No. 3:00-CV-138-TJC (M.D. Tenn. 2000) (civil action failed to state a claim); (2) *Dumonde v. U.S. Marshals Office, et al.*, Civil Action No. 2:99-CV-2081-WMA (N.D. Ala. 2001) (civil action failed to state a claim); and (3) *Dumonde v. Jefferson Co. Cir. Court, et al.*, Civil Action No. 2:05-CV-721-SLB (N.D. Ala. 2006) (appeal frivolous).

prisoner litigation." *Id*. "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury'" at the time he files suit. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (citation omitted). Plaintiff's allegations in the instant complaint do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

In light of the foregoing, Plaintiff's request for an additional thirty days within which to forward the $350.00 filing fee for this action shall be denied as payment of such fee for a prisoner subject to the "three-strikes" provision of § 1915(g) is due at the time the suit is filed. Plaintiff may, however, re-file his complaint at such time when it is accompanied by the requisite filing fee.

Accordingly, it is ORDERED that Plaintiff's motion for extension of time (*Doc. No. 5*) be and is hereby DENIED.

Done, this 14th day of May 2008.

/s/ Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE